UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AARON BREWER, et al.,

                        Plaintiffs,                  **ORDER**
                                                           CV 00-6072 (ADS)(ARL)

     -against-

WILLIAM H. HALL, et al.,

                        Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiffs move for an order determining that the attorney-client privilege between the Village of Old Field ("the Village") and the Village Attorney with respect to the staffing and operations of the Public Safety Department was waived.  Plaintiffs also seek an order directing defendants to produce the Village Attorney for deposition and to bear the costs associated with re-deposing defendants Staller and Simons.  Plaintiffs argue that the attorney-client privilege was waived both by voluntary disclosure of privileged information and by asserting an "advice of counsel" defense.  Defendants oppose the application, arguing that there has been no disclosure of privileged communications nor has the "advice of counsel" defense been advanced.  For the reasons that follow, the plaintiffs' motion is **GRANTED IN PART**.

## BACKGROUND

      Plaintiffs' commenced this action in October, 2000, alleging that the Village's use of its personnel to perform traffic enforcement was unlawful.  The issue that is the subject of the instant application arose during the depositions of defendants Cary Staller and James Simons.  Defendant Staller has been the Village's Mayor since April 1, 1999 and Defendant Simons is a former Village Trustee.  During their respective depositions, defendants Staller and Simons refused to answer questions regarding communications between them and the Village Attorney

concerning the Public Safety Department's staffing and duty assignments asserting that the information sought was protected from disclosure by the attorney-client privilege. Plaintiffs dispute that the privilege was properly asserted, claiming that it had already been waived.

## DISCUSSION

In support of their application, plaintiffs rely on the Affidavit of Cary Staller, which was originally submitted to the court in opposition to plaintiffs' cross-motion for partial summary judgment and in support of defendants' motion to dismiss the second amended complaint. (Staller Aff. at ¶ 1 annexed to the Declaration of Jonathan C. Scott as Ex. 3). The relevant portion of Staller's Affidavit provides:

> The decision to hire Public Safety Department personnel and make duties assignments during my tenure has been done with the advice of counsel who have advised that: (a) park rangers in Suffolk County are authorized to issue appearance tickets, simplified traffic informations, simplified parks informations and simplified environmental conservation informations; and (b) that in his capacity as a SUNY police officer, Mr. Morales is [sic] any event authorized to enforce the Vehicle and Traffic Law on a 24-hour basis.

(Id. at ¶ 13).

Plaintiffs claim that this affidavit reveals privileged attorney-client information and that the Village has therefore waived any claim of privilege by disclosing it in court filings. In effect, plaintiff urges that the submission of this affidavit in connection with defendants' motion to dismiss is the functional equivalent of asserting an advice of counsel defense which operates as a waiver of any privilege the defendants' might possess concerning the advice rendered by counsel. (Plaintiffs' Supp. Memo., pp. 2–6).

Although the defendants broadly objected on the basis of attorney-client privilege to questions concerning the Staller affidavit during the Staller and Simons depositions, they now maintain that the information set forth in the Staller Affidavit is not privileged. (Defendants'

Mem. at pp. 4-5). Defendants now claim that the affidavit does not disclose privileged information but merely restates a legal opinion rendered in a letter dated July 12, 2000 from the Village Attorney to the Suffolk County Department of Civil Service. (Declaration in Opposition, Ex. 2). Accordingly the defendants argue that the affidavit cannot constitute a waiver of the attorney-client privilege and in the absence of an answer having been filed cannot be construed as an advice of counsel defense.

It is well-settled that questions of privilege are governed by federal common law where, as here, subject matter jurisdiction is based on a federal question. See, e.g., von Bulow v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987); In re Copper Market Antitrust Litig., 200 F.R.D. 213, 217 (S.D.N.Y. 2001). Where there has been a disclosure of a privileged communication or a portion of such communication in the context of a lawsuit, there remains the question of how broadly the waiver may be interpreted. Courts in this Circuit generally apply a rule of "subject-matter waiver" in such circumstances and require disclosure of all otherwise privileged communications on the same subject. See, e.g., In re Kidder Peabody Secs. Litig., 168 F.R.D. 459, 468, 472-73 (S.D.N.Y. 1996). The "subject-matter waiver" rule provides that "where there is a partial disclosure [of privileged material] in the context the litigation for the benefit of the privilege holder, there may be a complete subject matter waiver as to all communications on the same subject." Tribune Co. v. Purcigliotti, No. 93 Civ. 7222 (LAP),1997 WL 10924, *5, (S.D.N.Y. Jan. 10, 1997).

Clearly the defendants waived the attorney-client privilege when they initially disclosed the opinion of the Village Attorney. Defendants appear to argue that because the Staller affidavit simply restated this previously disclosed opinion that no waiver occurred. This argument ignores the fact that the Village initially waived the attorney-client privilege by deciding to

publish the Village Attorney's opinion. The defendants' subsequent reliance on this opinion in its submission to the court reinforces the conclusion that a waiver occurred and that the subject matter of this opinion should be subject to examination by plaintiffs' counsel. It would be fundamentally unfair to allow the defendants to rely on the Staller affidavit to influence the judicial process and then to restrict the plaintiffs from inquiring into the basis for the opinion.

It is unnecessary for the court to determine whether submission of the Staller affidavit should be construed as the equivalent of an advice of counsel defense since the scope of any inquiry based on this defense would be similarly restricted to the subject matter of the advice. See, e.g., In re Pioneer Hi-Bred International, 238 F.3d 1370, 1374-75 (Fed. Cir. 2001) (explaining that the disclosure of counsel's advice concerning the tax consequences of a corporate merger waived the attorney-client privilege with respect to that advice and all reasonably contemporaneous documents concerning that advice, but did not operate to waive the attorney-client privilege as to other matters); EEOC v. Rekrem, Inc., No. 00 Civ. 7239 (CBM), 2002 WL 27776 (S.D.N.Y. Jan. 10, 2002) (limiting the scope of defendant's waiver of its attorney-client privilege to the attorney's recommendation to file the complaint, including all materials relied on by counsel in providing that advice, given defendant's assertion of the "advice of counsel defense" as the motivation for such filing).

Accordingly, plaintiff may inquire into the substance of any otherwise privileged conversations limited to counsel's opinion that the Village could lawfully hire park rangers to issue appearance tickets, simplified traffic informations, simplified parks informations and simplified environmental conservation informations as well as counsel's opinion that Mr. Morales, in his capacity as a SUNY police officer, was authorized to enforce the Vehicle and

Traffic Law on a 24-hour basis as set forth in paragraph 13 of the Staller affidavit.[1]

Accordingly, the defendants are directed to produce defendants Staller and Simons for their continued depositions limited to the issues addressed by this order.

Finally, plaintiffs' application to compel defendants to bear the costs of any supplemental depositions is **DENIED.** The plaintiffs' application for leave to depose the Village Attorney limited to the instant ruling is **GRANTED.**

Dated: Central Islip, New York  **SO ORDERED:**
September 12, 2005

_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[1] To the extent defendants objected to questions concerning whether Staller provided documents to the Village Attorney, these objections are overruled because they do not ask for the substance of the attorney-client communication. See, e.g., Church of Scientology of California v. Cooper, 90 F.R.D. 442, 443 (S.D.N.Y. 1981) (finding deposition questions asking whether the attorney and client discussed various subjects and whether documents were reviewed were proper because they did not ask for the substance of any communications and consequently did not ask for material protected by the attorney-client privilege).